TODD A. NOAH (State Bar No. 152328)
  email: tnoah@dergnoah.com
BARBARA FRIEDMAN (State Bar No. 208735)
  email: bfriedman@dergnoah.com
DERGOSITS & NOAH LLP
Three Embarcadero Center, Suite 410
San Francisco, CA 94111
Telephone:  (415) 705-6377
Facsimile:  (415) 750-6383

Attorneys for Plaintiff
HINT CREATIVE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HINT CREATIVE, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HINT, LLC (d.b.a. Hint & Co.),<br><br>　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; COMMON LAW TRADEMARK INFRINGEMENT; AND UNFAIR COMPETION UNDER THE CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, Hint Creative, LLC ("Hint") brings this action against Defendant, Hint, LLC (doing business as Hint & Co.) for federal service mark infringement and false designation of origin arising under the trademark laws of the United States ("Trademark Act of 1946 as amended, 15 U.S.C. § 1051, et. seq.).

COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq.

2. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because Defendant is a resident of this District and because a substantial part of the events giving rise to the claims arose in this District. Assignment to this division is proper because a substantial part of the events or omissions giving rise to the claims occurred in that county.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## THE PARTIES

4. Hint is a Utah limited liability corporation having a principal place of business at 10 West 100 South #708, Salt Lake City, Utah 84101.

5. Hint is informed and believes, and based thereon alleges, that Hint & Co. LLC is a suspended California limited liability company doing business under the name Hint & Co in San Francisco, California, and is directly responsible and liable for the injuries and damages to Hint hereinafter alleged.

6. Hint is informed and believes, and based thereon alleges that at all relevant times, each agent, officer, or employee of Defendant was acting within the course and scope of such agency, office, or employment.

7. Hint first adopted and began use of its HINT trademark at least as early as 2007.

## BACKGROUND

8. Hint is an advertising, design, and marketing company. Its services encompass a full range of creative and marketing services including creating and enhancing brand and product

COMPLAINT

1  identity, graphic design, packaging design, catalog design, art direction, branding, and advertising.
2  The HINT trade name and service mark has been extensively used, advertised, and promoted by Hint
3  in providing these services.
4      9.    Hint is the owner of federal service mark Registration No. 3,439,261 for the mark
5  HINT for use in connection with "advertising, marketing and branding services, namely, creating
6  and extending corporate and brand identity for others" and "graphic design services." A copy of this
7  registration is attached hereto as Exhibit A.
8     10.    As a result of use, sales, advertising, and promotion, Hint's HINT service mark has
9  become well and favorably known throughout the advertising and design industries.
10
11     11.    Long prior to any complained of acts of the Hint & Co., and by virtue of the
12  foregoing widespread use, promotion and recognition of the HINT service mark, the mark has
13  acquired valuable commercial magnetism and distinctiveness signifying Hint itself, and the services
14  provided under the mark.
15     12.    Hint & Co. has had constructive notice and knowledge of Hint's federal registration
16  rights, in the HINT mark, as provided under 15 U.S.C. § 1072.
17

## FIRST CAUSE OF ACTION

**(Infringement of Federally Registered Service Mark; 15 U.S.C. §1114[1])**

20     13.    Hint realleges and incorporates by reference each and every allegation of Paragraphs
21  1 through 12, inclusive, as though fully set forth herein.
22     14.    Hint is informed and believes and based thereon alleges that long after Hint's
23  adoption and use of the HINT service mark, and after Hint's federal registration thereof, and
24  subsequent to the acquisition of goodwill, commercial magnetism, and distinctiveness, Hint & Co.
25  commenced the use of the HINT mark in connection with design, branding, advertising, art
26  direction, and digital photography services.
27
28     15.    Upon information and belief, Hint & Co. also owns the domain name
"hintandco.com" which it uses to host a website where it has advertised and offered its design,

COMPLAINT

1 branding, advertising, art direction, and digital photography services.

2   16. Hint is informed and believes and based thereon alleges that Hint & Co. engaged in wrongful and infringing conduct by advertising and promoting design, branding, advertising, art direction, and digital photography services under the HINT trademark in this District, the State of California and throughout the United States.

  17. Hint is informed and believes, and based thereon alleges that Hint & Co.'s acts are likely to cause, have caused, and are now causing widespread confusion, mistake, and deception in the public mind that the various services offered by the Hint & Co. under the mark HINT are rendered by Hint. Further, Hint & Co.'s acts are likely to cause, and are now causing, widespread confusion, mistake, and deception in the public mind that Hint & Co. is a legally related entity of Hint's.

  18. Hint is informed and believes and based thereon alleges that the tortuous acts of the Hint & Co. complained of herein were committed willfully and with full knowledge of Hint's rights, and with the intention of deceiving and misleading the public at large and that Hint & Co. is wrongfully trading on the goodwill and reputation of Hint.

  19. On or about April 8, 2013, Hint & Co. was placed on written notice from Hint, through counsel, that it was prohibited from engaging in the acts complained of herein. In particular, Hint requested that Hint & Co. cease and desist any and all such wrongful use of the HINT service mark.

  20. On or about May 21, 2013, Hint provided Hint & Co. further written notice through counsel that it was prohibited from engaging in the acts complained of herein. In particular, Hint advised Hint & Co. that its "core services of "user experience design, user-interface design, interactive art direction, digital branding, digital photography and consumer research" are all either provided by Hint or are provided by others in connection with Hint's services.

  21. On or about June 17, 2013, Hint & Co. received an additional written demand to cease and desist the wrongful use of the Hint's federally registered service mark.

  22. On or about September 3, 2013, Hint made a final request for assurances that Hint &

– 4 –

COMPLAINT

Co. would cease and desist any and all use of Hint's mark.

23. Although Hint & Co. indicated that it would be changing its name by April 1, 2014, to date Hint & Co. has yet to comply or cease from the acts complained of herein.

24. By reason of Hint & Co.'s acts alleged herein, Hint has and will suffer damage to business, reputation, goodwill, and the loss of sales and profits that would have been made but for Hint & Co.'s acts.

25. Hint & Co.'s wrongful acts have caused and, unless restrained and enjoined by this Court, will continue to cause serious irreparable injury and damage to Hint and to the goodwill associated with Hint's marks in this District, the State of California, and throughout the United States. Those tortuous acts have caused and will continue to cause grave injury to the public as well, for which Hint has no adequate remedy at law. Hint is therefore entitled to injunctive relief.

26. This is an exceptional case under 15 U.S.C. § 1117 thereby entitling Hint to attorneys' fees incurred herein.

## SECOND CAUSE OF ACTION

### (False Designation of Origin; 15 U.S.C. § 1125[a])

27. Hint realleges and incorporates by reference each and every allegation of Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. Hint & Co.'s use of the mark "HINT" is a false designation of origin as to the services made or to be made available by Hint & Co.in interstate commerce. By virtue of the "HINT" mark, consumers who use or learn of the Hint & Co.'s services will mistakenly believe that the services associated with Hint & Co. originate with, are sponsored by, or are affiliated with Hint.

29. Hint & Co.'s use of the name identical to and/or confusingly similar to HINT, the continuation of such uses, and all other acts of Hint & Co., particularly the unauthorized use of the "HINT" mark, as alleged, create the likelihood that the public will be confused as to the true source, sponsorship, or affiliation of the services of Hint & Co. As such, Hint, as well as the public, have been damaged and will continue to be irreparably damaged, unless Hint & Co. is enjoined.

COMPLAINT

### THIRD CAUSE OF ACTION

### (Common Law Service Mark Infringement)

30. Hint realleges and incorporates by reference each and every allegation of Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Hint & Co.'s above-averred actions constitute service mark and trade name infringement at common law. As such, Hint and the public have been damaged and will continue to be damaged unless Hint & Co.is enjoined.

### FOURTH CAUSE OF ACTION

### (Statutory and Common Law Unfair Competition)

32. Hint realleges and incorporate by reference each and every allegation of Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Hint & Co.'s use of names and marks identical to and/or confusingly similar to Hint's name and mark is likely to and does permit Hint & Co.to misappropriate and unfairly trade upon the valuable goodwill and reputation of Hint and will subject the goodwill and reputation in the HINT mark to the hazards and perils attendant upon Hint & Co.'s business activities, activities over which Hint has no control.

34. The wrongful acts of Hint & Co. as herein alleged constitute unfair competition under the common law and in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* Such unfair competition damaged and will continue to damage Hint unless Hint & Co. is enjoined.

### PRAYER FOR RELIEF

WHEREFORE, Hint prays for judgment as follows:

1. That Hint & Co., its officers, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with Hint & Co., be permanently enjoined and restrained from directly or indirectly:

    a. Using as a service mark, trademark, or trade name, for its entire range of

COMPLAINT

business and services, "HINT" or its phonetic or visual equivalent, alone or in connection with any other term and/or service marks or any other service marks confusingly similar to those of Hint;

      b.      Performing any actions or using any words, names, styles, titles, or marks that are likely to cause confusion, to cause mistake, or to deceive; or to otherwise mislead the trade or public into believing that Hint and Hint & Co. are one and the same or connected in any way;

      c      Using any words, names, styles, titles, or marks that create a likelihood of injury to the business reputation of Hint or its affiliates, or a likelihood of misappropriation and dilution of Hint's service mark and the goodwill associated therewith;

      d.      Using any trade practices whatsoever, including those complained of herein that tend to unfairly compete with or injure Hint, its business and the goodwill pertaining thereto; and

      e.      Registering as a service mark or trademark any name or mark using the word "Hint" or its phonetic or visual equivalent, alone or in combination with other words, names, styles, titles, or marks for any services or goods relating to the provision of advertising, media, marketing, or design services;

2.      That Hint & Co. be required to pay Hint compensatory damages for the injuries sustained by Hint in consequence of the acts herein complained of according to proof and that such damages be trebled because of the willful acts described herein in disregard of Hint's known rights in the HINT service mark as provided by 15 U.S.C. § 1117.

3.      That Hint & Co. be required to delete "HINT" from its website and all printed materials.

4.      That Hint & Co. be required to account to Hint for any and all gains, profits, and advantages derived from its activities complained of herein.

5.      That Hint & Co. be required to pay punitive or exemplary damages to Hint in an amount to be presented by Hint at trial.

6.      That Hint & Co. be required to pay to Hint all of its reasonable attorneys' fees and costs of this action.

7. That Hint & Co. be directed to file with the Court and serve on Hint within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Hint & Co. has complied with the injunction.

8. That Hint & Co. be required to transfer the domain name "hintandco.com," and any other domain names containing the term "hint" in Hint & Co.'s possession or control, to Hint.

9. That Hint be granted such other and further relief as the Court may deem just and proper.

Dated:  July 15, 2014                                                       DERGOSITS & NOAH LLP


                                                                            By:  /s/ Todd A. Noah
                                                                                 Todd A. Noah
                                                                                 Attorneys for Plaintiff
                                                                                 HINT CREATIVE, LLC


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HINT hereby demands a trial by jury for all issues so triable.

Dated:  July 15, 2014                                                       DERGOSITS & NOAH LLP


                                                                            By:  /s/ Todd A. Noah
                                                                                 Todd A. Noah
                                                                                 Attorneys for Plaintiff
                                                                                 HINT CREATIVE, LLC

COMPLAINT